UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| CURTIS TEMPLE, | 5:22-CV-05033-RAL |
| Plaintiff, | |
| vs. | ORDER DISMISSING COMPLAINT |
| DEB HAALAND, SECRETARY OF THE UNITED STATES DEPARTMENT OF INTERIER; IN OFFICIAL AND INDIVIDUAL CAPACITY; DARRYL LACOUNTE, DIRECTOR OF THE BUREAU OF INDIAN AFFAIRS WITHIN THE UNITED STATES DEPARTMENT OF THE INTERIOR; IN OFFICIAL AND INDIVIDUAL CAPACITY; TIMOTHY LAPOINTE, GREAT PLAINS REGINAL DIRECTOR OF THE UNITED STATES DEPARTMENT OF INTERIOR, BUREAU OF INDIAN AFFAIRS; IN OFFICIAL AND INDIVIDUAL CAPACITY; KRISTI O'ROURKE, ACTING SUPERINTENDENT OF THE UNITED STATES DEPARTMENT OF INTERIOR, BUREAU OF INDIAN AFFAIRS - PINE RIDGE AGENCY; IN OFFICIAL AND INDIVIDUAL CAPACITY; AND LIONEL WESTON, ACTING FIELD DIRECTOR OF UNITED STATES BUREAU OF INDIAN AFFAIRS LAND OPERATIONS; IN OFFICIAL AND INDIVIDUAL CAPACITY; | |
| Defendants. | |

Plaintiff filed suit against Defendants in this case on April 4, 2022. After nearly eight

months had passed without Plaintiff serving a summons and complaint on each defendant, this

Court issued an order requiring Plaintiff to serve the summons and complaint within thirty days or

show cause as to why the verified complaint should not be dismissed. Doc. 3; see also Fed. R. Civ. P. 4(m) (stating "the court—on motion or on its own after notice to the plaintiff—must dismiss the action . . . or order that service be made within a specified time"). On January 3, 2023, Plaintiff's counsel responded and requested additional reasonable time "for possible amendment to the Verified Complaint and service of the same" after learning Plaintiff had multiple appeals pending before the Interior Board of Indian Appeals for the United States Department of the Interior that "may encompass or be relevant to the issues in this action." Doc. 4 at 2. Therefore, this Court did not dismiss the Complaint at that time. See Fed. R. Civ. P. 4(m) ("[I]f the plaintiff shows good cause for the failure [to serve the defendant], the court must extend the time for service for an appropriate period"); Kurka v. Iowa County, 628 F.3d 953, 957 (8th Cir. 2010) (acknowledging the determination of "good cause" is "entrusted to the sound and considerable discretion of the district court" (citation omitted)).

Since that time, however, the plaintiff has not filed an amended complaint nor served Defendants despite 315 days elapsing since Plaintiff's request for "additional reasonable time" and 589 days having passed since Plaintiff filed his original Verified Complaint. Certainly, this Court has given Plaintiff "an appropriate period" to either file an amended complaint or perfect service upon the defendants, and, in light of Plaintiff's continued failure to do so, it must now dismiss the Complaint for untimeliness *sua sponte*. Fed. R. Civ. P. 4(m). Therefore, for good cause, it is

ORDERED that Plaintiff's Complaint be dismissed without prejudice as untimely.

DATED this 14th day of November, 2023.

BY THE COURT:

ROBERTO A. LANGE
CHIEF JUDGE